UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES E. FOX,

Plaintiff,

-v-

DEPARTMENT OF CORRECTIONAL AND COMMUNITY SUPERVISION BOARD OF PAROLE - COUNSELS OFFICE,
EASTERN NY CORRECTIONAL FACILITY SUPERINTENDENT THOMAS GRIFFIN,
ADIRONDACK CORRECTIONAL FACILITY SUPERINTENDENT JEFFREY TEDFORD,
PROBATION OFFICER PETE SIGLER,
WYOMING CORRECTIONAL FACILITY,
and
CORRECTIONAL OFFICER M. MINGLE,

Defendants.

Case # 15-CV-6619-FPG

DECISION AND ORDER

INTRODUCTION

*Pro se* Plaintiff James E. Fox is an inmate at Adirondack Correctional Facility, and has filed this action pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff has requested permission to proceed *in forma pauperis* and filed a signed authorization, and has also requested the appointment of counsel. ECF Nos. 9, 10. For the following reasons, Plaintiff's Complaint will be dismissed under 28 U.S.C. § 1915(e)(2)(B) unless he files an amended complaint that cures the deficiencies identified below.

DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, Plaintiff's application to proceed *in forma pauperis* (ECF No. 9) is GRANTED.

28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) require the Court to conduct an initial screening of this Complaint. In evaluating the Complaint, the Court must accept as true all of the factual allegations and must draw all reasonable inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003). While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997).

Plaintiff's allegations are far from clear. As an initial matter, Plaintiff has named six Defendants in the caption of his case, but only alleges facts against one named Defendant (Officer Mingle) in the body of his Complaint. Without any allegations against the other five Defendants, they cannot be sued in this action. Unless Plaintiff files an amended complaint that alleges a plausible cause of action against the other named Defendants, they will be dismissed with prejudice.

The Court additionally notes that several of the five named Defendants appear to be supervisory officials, since they are identified as Superintendents of correctional facilities. Supervisory officials cannot be sued under § 1983 under the theory of *respondeat superior*. In other words, supervisors are generally only liable for their own actions. In *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995), the Second Circuit found that a supervisory defendant could only be held liable for a constitutional violation committed by a subordinate if: (1) the supervisor participated directly in the alleged constitutional violation; (2) the supervisor, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the supervisor created a policy or custom under which the unconstitutional practices occurred, or allowed the continuance of such a policy or custom; (4) the supervisor was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) the supervisor exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring. Unless Plaintiff alleges facts to demonstrate the supervisors' personal involvement in the alleged wrongs, or alleges a basis to hold them liable under *Colon*, those supervisors will also be dismissed with prejudice.

Finally, Plaintiff has also named what appear to be state agencies as Defendants. However, the Eleventh Amendment bars federal claims against states, including state agencies,

absent their consent to such suit or an express statutory waiver of immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Unless Plaintiff provides a legal basis to name these state agencies as Defendants in this action, they too will be dismissed with prejudice.

As to Defendant Mingle, Plaintiff appears to allege that he was convicted of a prison disciplinary infraction after a prison hearing due to the false statement that Plaintiff lost his razor. Plaintiff does not allege that Defendant Mingle was involved in the disciplinary hearing, and only states that Mingle "said you lost your razor go find the razor." ECF No. 1, at 2. These allegations fail to state a claim.

In general, "the prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986). In interpreting Plaintiff's Complaint liberally, Plaintiff could be attempting to state a due process claim. But to do so, Plaintiff must show that the conduct of the hearing itself violated due process, which Plaintiff has not done. Unless Plaintiff amends his Complaint to allege sufficient facts to state a plausible claim, Defendant Mingle will also be dismissed with prejudice.

Finally, although not named as Defendants in the caption of this case, Plaintiff makes reference to the "Nurse and Doctor Rosner here at Adirondack Correctional Facility" in his Complaint. ECF No. 1, at 3. Interpreting Plaintiff's Complaint liberally and assuming Plaintiff meant to name these individuals as Defendants, the Complaint also fails to state a claim against these individuals.

First, the basis for any claims against the unnamed Nurse and Doctor Rosner is unclear. Plaintiff alleges that they "told me that I can work" (presumably in prison), which is apparently a

different conclusion than doctors at Eastern Correctional Facility reached.  *Id.*  Plaintiff's Complaint uses the terms "discriminate" and "harassment" regarding these individuals, but there are no facts alleged to make out such a claim.  Regarding any potential discrimination claim, Plaintiff defines "discriminate" in his Complaint as "to make a difference in treatment or favor on a basis other than individual merit."  ECF No. 1, at 4.  But in order for a discrimination claim to be actionable in federal court under § 1983, the claim must be for discrimination based upon the Plaintiff's membership in a protected class.  Plaintiff has not alleged any such membership.  In addition, harassment is generally a state law claim.  Assuming that Plaintiff could state a claim for state law harassment, because Plaintiff's remaining claims are all subject to dismissal, this Court would not have jurisdiction over a standalone harassment claim.

Further, Plaintiff's claims have an additional problem.  In his Complaint, Plaintiff states that he did not complete the prison's grievance procedure regarding these claims before bringing suit.  The Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 … or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The administrative exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  If an inmate fails to exhaust his administrative remedies, he is barred from commencing a federal lawsuit.  *Martin v. Niagara County Jail*, No. 05–CV–00868(JTC), 2012 WL 3230435, at *6 (W.D.N.Y. Aug. 6, 2012).

The exhaustion requirement is mandatory, and unless administrative remedies were "unavailable" to Plaintiff, *See Ross v. Blake*, --- U.S. ---, 136 S. Ct. 1850, 1856 (2016), then his

failure to complete the exhaustion process will preclude him from bringing this lawsuit altogether.

Finally, because Plaintiff's Complaint is not proceeding unless an amended complaint that cures the above noted deficiencies is filed, his request for the appointment of counsel (ECF No. 10) is premature, and is therefore DENIED WITHOUT PREJUDICE.

CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* (ECF No. 9) is GRANTED. For the reasons set forth above, Plaintiff's claims will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files an amended complaint by October 28, 2016 in which he includes the necessary allegations as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to completely replace the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *Shields v. Citytrust Bancorp*, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, Plaintiff's amended complaint must include all of the allegations against each of the Defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the Defendants could then answer.

If Plaintiff fails to file an amended complaint as directed, his Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

ORDER

IT HEREBY IS ORDERED, that Plaintiff's Motion to Proceed *in forma pauperis* (ECF No. 9) is GRANTED;

FURTHER, that Plaintiff's Motion to Appoint Counsel (ECF No. 10) is DENIED WITHOUT PREJUDICE;

FURTHER, that Plaintiff is granted leave to file an amended complaint only as directed above by October 28, 2016**;**

FURTHER, that the Clerk of Court is directed to send to Plaintiff: (1) a copy of this Order; (2) a copy of the original Complaint; (3) a blank § 1983 complaint form, and (4) the instructions for preparing an amended complaint;

FURTHER, that in the event Plaintiff fails to file an amended complaint as directed above by October 28, 2016, the Complaint is dismissed with prejudice without further order of the Court and the Clerk of Court shall close this case;

FURTHER, that in the event Plaintiff fails to file an amended complaint by October 28, 2016, the Court certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Any request to proceed *in forma pauperis* on appeal should be directed by motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

Dated: September 28, 2016
Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court